Submitted on record and briefs July 24, affirmed
September 22, 1975

## STATE OF OREGON, *Respondent*, v. RONALD EDWARD DODSON (No. 74 5655), *Appellant*.

540 P2d 380

Stephen R. Blixseth and Gildea & McGavic, P.C., Eugene, for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, Thomas H. Denney, Assistant Attorney General, and John G. Burchard, Jr., Certified Law Student, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was found guilty by jury of burglary in the second degree, ORS 164.215, and was given a 30-day jail sentence as a condition to being placed on three years' probation. He appeals, contending (1) the court should have, on its own motion, entered judgment of acquittal, and (2) the court should have allowed defendant's motion for a mistrial.

The evidence was that defendant was apprehended by the police inside a grocery store between 11:30 p.m. and midnight, after the store had been closed. He was headed for the door with a box of meat and groceries. The door appeared to have been broken open. After his arrest defendant is alleged to have told one of the policemen, Chief Carnahan, that it was a dumb thing to do and after the *Miranda* warnings had been given at the police station, he was asked by the other policeman, Officer Williamson, what he was doing in the market. His response, so the officer testified, was "that he just was wandering around and needed something to do."

Defendant's first assignment, insufficiency of the evidence, is not worthy of discussion. The claimed error was not preserved and the caught-red-handed evidence was overwhelming.

The second assignment concerns questioning the defendant after the *Miranda* warnings were given. From an in camera hearing it developed that defendant had not refused to talk with the officers. Officer Carnahan testified at the in camera hearing:

"Q * * * And then did you have a conversation with him about the — about what had happened just a few moments ago or before?

"A Very little. He wasn't very talkative that night.

"Q Well, did he ever tell you that he didn't want to talk with you?

"A No.

"Q Okay. Did he ever —

"A Just didn't say anything."

The direct examination of Officer Carnahan then continued before the jury. He testified that after he had finished giving the *Miranda* warnings to the defendant the following ensued:

"Q Did you ask him if he did understand?

"A Yes.

"Q And what did he indicate to you?

"A Yes.

"Q And did you then ask him any questions about what had happened?

"A I believe we did. But he didn't say anything."

Counsel for defendant, waiting until the direct examination of the witness was concluded, moved for a mistrial, stating as the basis therefor that the witness said that defendant did not make any statement.

■ It is true, as defendant urges, that the prosecution may not use at trial the fact that a defendant claimed his Fifth Amendment privilege during the course of a custodial investigation. *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966). Here defendant did not invoke his Fifth Amendment right. In fact, as Officer Williamson testified, after the *Miranda* warnings defendant responded to a question, without objection, "that he was just wandering around and needed something to do." There was no violation of defendant's *Miranda* rights.

Affirmed.